Savage v. Burkhead.

M. W. SAVAGE, Doing Business in the Name of IN-
TERNATIONAL STOCK FOOD COMPANY,
Respondent, v. ASBERY BURKHEAD, Appellant.

**Springfield Court of Appeals, July 7, 1910.**

1. **DEPOSITIONS: Sufficiency of Notice: Designation of Place to
   be Taken: Evidence.** Objections were made to the introduc-
   tion of depositions on the grounds that the notice did not
   sufficiently designate the place at which the depositions were
   to be taken. *Held,* the objection was not well taken for there
   was nothing to indicate that appellant was misled by the no-
   tice or that he was prevented in any way from attending or
   that the place could not have been readily found.

2. **————: Qualification of Officer.** Objections were made to the
   introduction of a deposition on the grounds that it was not
   taken before and certified to by an officer authorized to take
   depositions. The caption of the depositions showed that they
   were taken before a notary public in another state. The certi-
   ficate was omitted from the record. *Held,* that as no objection
   was made that a commission had not been issued for the taking
   of the depositions, and as there was nothing to show that the
   notary was not properly authorized to take the depositions, the
   point must be ruled against appellant.

3. **CONTRACTS: Construction: Machines Purchased on Trial:
   Right to Return.** In a suit to recover the price of a chicken
   incubator and brooder, it appeared that the contract of sale pro-
   vided that the machines could be returned without cost to
   the purchaser, if after two hatches in three months, they were
   not satisfactory. But the purchaser agreed to give the machines
   a good location and to follow strictly the directions in the
   book of instructions, and if the first hatch was not satisfactory,
   to await special written instructions before starting the sec-
   ond hatch. *Held,* that the purchaser must comply with these
   conditions before he would be authorized to return the ma-
   chines.

Appeal from Douglas Circuit Court.—*Hon. John T.
Moore,* Judge.

AFFIRMED.

*J. S. Clarke* for appellant.

(1) Plaintiff's letters plainly show that he did not intend to relinquish all further claim as owner and the evidence shows that the defendant never assumed ownership with all its liabilities. England v. Mortland, 3 Mo. App. 490; Kerr v. Haymaker, 20 Mo. App. 350; Cohn v. Reid, 18 Mo. App. 115; Straus v. Kingman, 42 Mo. App. 208. (2) Failure of consideration on the sale of an article, *e. g.,* that the article was worthless for the purpose, may be shown in an action for its price though there has been no offer to return it and no notice of its worthlessness. Compton v. Parsons, 76 Mo. 455; Murphy v. Gray, 37 Mo. 535.

*Jos. V. Pitts* for respondent.

(1) The delivery to the common carrier, named by the appellant was a complete delivery to the appellant. Meyer Bros. Drug Co. v. McMahon, 50 Mo. App. 18; Avil Publishing Co. v. Bradford, 121 Mo. App. 577; Phares v. Lumber Co., 118 Mo. App. 546. (2) When the purchaser rescinds the contract of sale he should restore the *statu quo* by returning or tendering to the vendor at the place of delivery the property received under the contract. Jasper Co. Bank v. Barts, 130 Mo. App. 635.

COX, J.—This action originated before a justice of the peace in Douglas county upon the following contract:

"Ava, Mo., Feb. 18, 1907.
"International Stock Food Company, Minneapolis, Minn., U. S. A.

"Dear Sirs: Please ship me the following specified articles on your special four months terms from date of shipment, with the privilege of returning both machines, if not satisfactory after making two hatches within three months from date, and then receiving credit in full for the entire amount. I am to have the

$4 worth of goods free whether I keep the machines or not.

One 100 Egg Jewell Incubator ........$19.00

One 100 Chick Out Door Jewell Brooder. 18.00

"You are to ship to me absolutely free one 25 pound pail of International Poultry Food, regular retail price $3.50. Two cans International Louse Powder, regular retail price, 50 cents. I agree to give these machines a good location and to strictly follow the directions in your book of instructions. If first hatch is not satisfactory I agree to mail you a complete report on one of your hatch report blanks and wait your special written instructions before starting second hatch. Special terms of 4 months extension guaranteed satisfactory.

Ship order..........190—.

. Sign here.

Purchaser, ASBERY BURKHEAD,

Ava, Douglas County, Missouri."


If not convenient to .make payment in 4 months we agree to give you an extension if you write and ask it.

Ship to Mansfield, Mo., care of St. Louis & San Francisco Railroad. Ship at once."


Trial was had before the justice of the peace, resulting in a verdict in favor of defendant, plaintiff appealed to the circuit court where trial *de novo* was had at the September term, 1909, at which a verdict was rendered in favor of plaintiff in the sum of $18.50, and defendant has appealed.

Respondent has filed a motion in this court to dismiss the appeal for the reason that the abstract of record filed by appellant fails to comply with the rules. Appellant has filed a motion asking permission to file an amended abstract. The points made by respondent in his motion are well taken, but as this is an appeal by the long form and the transcript is very short, and appellant has asked permission to file an amended ab-

stract, we have taken the pains to examine the trans-
cript filed with the clerk of this court, and have con-
cluded that we will, under these circumstances, waive
the enforcement of the rule in this case.

Complaint is made by appellant that the trial court
erred in overruling his motion to suppress depositions
taken by plaintiff on the 10th of September, 1908, for
the reason that the notice did not sufficiently designate
the place at which the depositions were to be taken. The
place designated in the notice is the "International
Stock Food Company's building before H. Q. Brady,
notary public, Minneapolis, in the County of Hennipen
and State of Minnesota." There is nothing in this
case to indicate that the appellant was misled by this
notice or that he was prevented in any way from at-
tending had he wished to do so, nor anything to indi-
cate that the place designated could not have been read-
ily found, and this assignment of error must be ruled
against appellant.

Complaint is also made that the court erred in over-
ruling motion to suppress deposition of M. V. Savage
taken on the 20th of November, 1908. The grounds as-
signed in this motion are that the deposition was not
taken and certified to by any officer authorized to take
depositions, nor by any officer who affixed his seal, and
for the further reason that said deposition was not
certified to have been finished on the day it was com-
menced. The caption of this deposition recites that the
deposition was taken before H. Q. Brady, notary public.
Certificate of the notary public to the deposition is not
preserved in the transcript sent up to this court, nor
in the abstract of record, nor in the bill of exceptions,
and, hence, we are unable to determine whether or not
it contained the necessary recitals. No objection was
made in this motion to the fact that the depositions were
taken before a notary public resident in another state
without a commission having been issued to him for that

149 App—19

purpose, and as a notary public residing in another state may, under certain conditions, take depositions of witnesses to be used in the courts of this State, and there is nothing in this transcript to show that he was not properly authorized to take this deposition, that assignment of error must also be ruled against appellant.

At the close of the testimony three instructions were given on behalf of plaintiff and three on behalf of defendant. One instruction was asked by defendant which was refused by the court, and appellant complains that error was committed by the court in instructions given for plaintiff and in refusing one asked by defendant. The instructions given for plaintiff and defendant when taken together place the burden of proof upon the plaintiff, and require him to show a compliance upon his part with the contract before he can recover. Those given on behalf of defendant fairly state the adverse proposition and we think the issues involved were, by these instructions, fairly submitted to the jury.

The instruction asked by the defendant and refused by the court told the jury that if they should believe that defendant, after trying the machines in question, was not satisfied with them, and that he so informed the plaintiff and notified the plaintiff that he did not want the machines and they were subject to his order and asked instructions as to what to do with them, and that plaintiff refused or failed to give any such instructions, but instead brought suit for the value of the machines without further notice to the defendant then they should find for the defendant.

The position taken by appellant is that the shipment of these goods under the contract upon which the suit was based did not constitute a culmination of the sale of the property, but that it left it entirely at defendant's option as to whether or not he would retain the machines, after trying them. This instruction was erroneous and the court was justified in refusing it for the reason that it would have placed a wrong construc-

tion upon the terms of the contract. While the contract in suit did give the defendant the right to return the machines, yet that right hinged upon certain conditions, and defendant, in order to avail himself of that right, was required first to comply with the conditions named in the contract which were that he should give these machines a good location, strictly follow the directions in plaintiff's book of instructions and if the first hatch was not satisfactory, to make a report of the same and wait for special written instructions before starting the second hatch. It is manifest in the language of this contract that defendant must comply with these conditions before he would have been authorized under this contract to return the machines, and the evidence introduced by defendant at the trial tending to show that he had complied with these conditions was weighed by the jury and they have found that issue against him, and their finding is binding upon us. The judgment will be affirmed. All concur.